UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID RODERICK KENNEDY,

        Petitioner,        CASE NO. 13-CV-12811
v.                                HON. GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT COURT
KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

David Roderick Kennedy, ("petitioner"), presently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner seeks the dismissal of a charge of manufacturing and delivery of under 50 grams of a controlled substance that remains pending in the 36th District Court in Detroit, Michigan. For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED.

**I. Background**

Petitioner claims that he was charged with manufacturing and delivery of under 50 grams of a controlled substance in the 36th District Court in Detroit, Michigan in 1998. Petitioner contends that he has yet to be brought to trial on this charge. By his own admission, petitioner has never sought relief in the Michigan appellate courts. Petitioner asks this Court to dismiss the charge.

## II. Discussion

The instant petition must be dismissed, because petitioner has yet to be convicted of any criminal charges in this case. In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F.3d 569, 572 (1st Cir. 1996); *See also Hoard v. State of Michigan*, No. 2005 WL 2291000, *1 (E.D. Mich. September 19, 2005). Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008); *Moore*, 875 F. Supp. at 622, n. 2. Petitioner does not allege that the pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pretrial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F.2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonattainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*

Petitioner seeks dismissal of the current drug charge that remains pending in the 36th District Court, on the ground that the State of Michigan has waited fifteen years to bring him to trial on this charge. This Court is unable to provide petitioner with the relief he seeks for two reasons.

First, to the extent that petitioner seeks dismissal of his pending criminal charges, he would not be entitled to habeas relief. Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge

outright. *Atkins,* 644 F.2d at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986-987 (E.D. Wis. 1999). To the extent that petitioner is seeking to dismiss this pending state criminal case outright, he would not be entitled to habeas relief because this is something which the Court does not have the power to do. *Hirsch,* 66 F. Supp. 2d at 987. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him on speedy trial grounds, his habeas action must await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F. 3d 11, 18, n. 5 (1st Cir. 2000)(internal citations omitted).

Secondly, to the extent that petitioner is seeking to compel the state court to bring him to trial, his habeas petition is premature because petitioner has yet to exhaust his state court remedies. The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F.2d 220, 225 (5th Cir. 1987); *see also Dillon v. Hutchinson,* 82 Fed. Appx. 459, 461-62 (6th Cir. 2003)(pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his Interstate Detainer Act claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981)(where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges underlying a detainer against him, the district court would refrain from considering the merits of petitioner's claims concerning those charges). Petitioner would not be entitled to a writ of habeas corpus to compel the state trial court to bring him to trial in a prompt manner, because he has not exhausted his state court remedies

with respect to any such claim. *Dickerson,* 816 F. 2d at 228. Under Michigan law, if a criminal defendant's pre-trial motion is improperly overruled, he may file an emergency interlocutory appeal with the Michigan appellate courts. *See People v. Reid,* 113 Mich. App. 262, 268; 317 N.W. 2d 589 (1982). In addition, to the extent that petitioner alleges that the 36th District Court and/or the Wayne County Circuit Court has failed to adjudicate his pre-trial motion, petitioner could seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1) to order either of these courts to adjudicate any pre-trial motion. If the Michigan Court of Appeals failed to issue an order of superintending control, petitioner could seek an order of superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.301(A)(6).

To the extent that petitioner suggests that it would be futile to exhaust his remedies in state court, petitioner's failure to pursue his claims in state court "disqualifies his case from consideration under the narrow exception[to the exhaustion requirement]". *Dillon,* 82 Fed. Appx. at 462. Because there is no indication that petitioner raised any speedy trial claims with the Michigan appellate courts, his claims are unexhausted. *Compare Atkins v. People of the State of Michigan*, 644 F. 2d at 548.

Accordingly, the Court will deny the habeas petition without requiring respondent to answer, because it appears from the application that petitioner is not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

### III. Conclusion

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to petitioner.

28 U.S.C. § 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). In particular, jurists of reason would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing his pre-trial habeas petition. *See Fuller v. Kansas,* 324 Fed. Appx. 713, 717 (10th Cir. 2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because any appeal from this Court's order would be frivolous. *Myers,* 159 F. Supp. 2d at 629.

### IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis.*

Dated:  July 10, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 10, 2013, by electronic and/or ordinary mail and also on David Kennedy #276206, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk

---